**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Jay Benak, | ) | CV-06-0015-PHX-JAT |
| Plaintiff(s), | ) | |
| v. | ) | **ORDER** |
| Joe Arpaio, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff moves for reconsideration of this Court's rulings from the hearing on October 16, 2007 in which the Court sustained some of Defendant's objections to some evidentiary requests of Plaintiff.  Plaintiff's first basis for reconsideration is simply seeking to have the Court re-think what it has already thought because Plaintiff is unhappy with the result.  This is not a valid basis for reconsideration of an interlocutory order.  *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Next, Plaintiff attempts to argue that the Court was mistaken in concluding that he no longer has certain aspects of his retaliation claim pending: specifically those portions of his retaliation claim that he imbedded in Count I of his complaint.  Plaintiff argues that only the portions of Count I of his complaint that dealt with access to the courts was dismissed and that his retaliation claim in Count III and any theory of retaliation he included in Count I still remain in this case.  The Court disagrees.  The Court has read the screening order at Doc. #4, and in the section on Count I, it states, "Accordingly, the Court will dismiss this Count without prejudice." Doc. #4 at 4.  Therefore, Count I was dismissed in its entirety and any

1   theory of retaliation Plaintiff believes he injected into his access to the courts claim in Count
2   I has been dismissed.  Only Plaintiff's retaliation claim found in Count III is proceeding in
3   this case.

4           Finally, Plaintiff argues that if this Court finds the portion of Count I Plaintiff believed
5   was a retaliation claim to have been dismissed in the screening order, then Plaintiff seeks
6   reconsideration of the screening order (which he calls relief from judgment).  First, to clarify,
7   Plaintiff incorrectly refers to the screening order as the Magistrate Judge's screening order.
8   In fact, the order was issued by  another district court judge who later recused from Plaintiff's
9   case.

10          Second, the general rule is that a district court judge should not ordinarily overrule the
11  decision of a previous district court judge after a case is transferred.  *Loumar, Inc. v. Smith*,
12  698 F.2d 759, 762 (5th Cir. 1983).  "The prior decision should be followed unless: (1) the
13  decision is clearly erroneous and its enforcement would work a manifest injustice, (2)
14  intervening controlling authority makes reconsideration appropriate, or (3) substantially
15  different evidence was adduced at a subsequent trial."  *Delta Savings Bank v. U.S.*, 265 F.3d
16  1017, 1027 (9th Cir. 2001).  The Court has reviewed Plaintiff's motion and finds no basis to
17  deviate from the general rule that this Court should not overrule a decision by the prior
18  district court judge.  In particular, Judge Rosenblatt's dismissal of this Count was without
19  prejudice.  Therefore, Plaintiff had an opportunity between when the screening order issued
20  (February 1, 2006) and the close of discovery (October 8, 2006) to move to amend his
21  complaint if he wished to correct this dismissal.   Plaintiff never moved to amend his
22  complaint within this eight month period.[1]  Accordingly, the Court will not deviate from the

23  _____

24          [1]  Plaintiff did move to amend his complaint after the close of discovery, but this
25  motion was denied because Plaintiff failed to lodge his proposed amended complaint as
    required by the Civil Local Rules (Plaintiff was advised of the fact that he had to lodge
26  the proposed amended complaint in the screening order of February 1, 2006).  Order of
27  December 18, 2006 (Doc. #27 at 1-2).  In this same order, the Magistrate Judge granted
    Plaintiff an extension of time to complete discovery until January 6, 2007.  Despite

28
                                              - 2 -

1   general law of the case rules to give Plaintiff relief from an Order when he had ample
2   opportunity to move to amend the Complaint to cure the dismissal of Count I.

3        Based on the foregoing,

4        **IT IS ORDERED** that Plaintiff's motion for reconsideration and motion for relief
5   from judgment (Doc. #52) is denied.

6        DATED this 5th day of November, 2007.

_____
James A. Teilborg
United States District Judge

---

27   having been told twice how to file an amended complaint, Plaintiff still failed to lodge
an amended complaint with a motion to amend within this extended discovery deadline.